## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DAVID GARCIA,

       Plaintiff,

v.                                  No. CIV 12-265 LFG/KBM

BERNALILLO COUNTY LIEUTENANT
McCAULEY; BERNALILLO COUNTY
SERGEANT ESCALANTE; BERNALILLO
COUNTY SHERIFF'S OFFICER, R. GARCIA,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' McCauley and Escalante Motion to Dismiss Count I of Plaintiff's Complaint (alleged violation of Fourth Amendment Rights - Unreasonable Search and Seizure) for failure to state a claim under Fed. R. Civ. P. 12(b)(6). [Doc. 5.] The motion is fully briefed and ready for resolution. [Doc. Nos. 9, 12.] After careful consideration of the pertinent law and the parties' pleadings, the Court concludes that Defendants' motion to dismiss will be granted.

### Background

On February 6, 2012, Plaintiff David Garcia ("Garcia") filed a "Complaint to Recover Damages for Deprivation of Civil Rights," ("complaint") in State District Court. [Doc. 1, Ex. 3, attachment.] On March 13, 2012, Defendants removed the case to federal court. [Doc. 1.] Garcia's complaint sets forth two claims.  Count I, Search and Seizure in Violation of the Fourth

Amendment, is asserted against all three Defendants.  Count II, Prosecution without Probable Cause is directed only against Defendant R. Garcia. [Doc. 1, attached complaint.]

Defendants Bernalillo County Lieutenant McCauley and Bernalillo County Sergeant Escalante ("McCauley and Escalante") argue that the complaint should be dismissed against them, with prejudice, since Count I, the sole claim brought against them, fails as a matter of law.

In Garcia's response to the motion to dismiss, he attaches several exhibits, including an "Uniform Incident Report," the underlying criminal complaint describing the incident at issue, and a prescription drug label. [Doc. 9, Exs. 1-3.] In deciding this motion, the Court does not consider the attachments to Garcia's response, and accordingly declines to convert Defendants' motion to dismiss into a motion for summary judgment.  *See* Geras v. Int'l Bus. Mach. Corp., 638 F.3d 1311, 1314-15 (10th Cir. 2011) (court has discretion whether or not to consider additional information attached to pleadings); Lybrook v. Members of the Farmington Mun. Sch. Bd. of Educ., 232 F.3d 1334, 1341 (10th Cir. 2000) (district courts have discretion to accept or reject attached documents and decide whether to convert motion to dismiss into motion for summary judgment).

### Legal Standard

To survive the Rule 12(b)(6) motion to dismiss, Garcia's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Garcia's factual allegations in the complaint against Defendants McCauley and Escalante "must be enough to raise a right to relief above the speculative level."  *See* Christy Sports, LLC v. Deer Valley Resort Co., 555 F.3d 1188, 1191 (10th Cir. 2009).  With respect to the Rule 12(b)(6) motion, plausibility means that Garcia must plead facts which allow "the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 663.

Garcia's complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," because "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Twombly, 550 U.S. at 555 (internal quotations omitted).  "[A] plaintiff must 'nudge [ ][his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted).

Stated differently, the Rule 12(b)(6) analysis requires two inquiries.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  Iqbal, 556 at 678.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 680-81.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. See id. at 682-83 .  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Id. at 678.

### Analysis

Garcia's three-page complaint sets forth scant allegations against Defendants McCauley and Escalante.  For example, the complaint alleges all Defendants are law enforcement officers, who are being sued in their individual capacities. [Doc. 1, complaint, at ¶ 2.] The complaint further states:

> At all times material, [Defendant] R. Garcia initiated and performed the search, detention and arrest of Plaintiff.  Defendants McCauley and Escalante supervised and approved the actions of Defendant Garcia.

[Id.] In the factual background section, Garcia makes no allegations against McCauley or Escalante. Under Count I, Garcia summarily sets forth conclusions of law, *e.g.,* "Defendant deprived plaintiff of his fourth amendment rights to be secure in his person by searching his belongs [sic], by detaining him, arresting him, and charging him with a crime without probable cause[,]" Defendants' actions constituted an unreasonable search and seizure[,]" and the "detention and charging of plaintiff were wrongful . . . ." [Id., at ¶¶ 13-17.] None of the remainder of Garcia's complaint makes any specific mention of McCauley or Escalante.

In Garcia's response to the motion to dismiss, he argues that both McCauley and Escalante were present while Garcia was arrested.  In the briefing, Garcia also contends that McCauley and Escalante participated in his custodial interrogation, restricted his movement, prevented him from attending court, compared his prescription medications to a book of controlled substances, and "otherwise participated in [Garcia's] arrest." [Doc. 9, at 3.] These specific assertions appear nowhere in the complaint.  Notwithstanding the failure to plead these allegations, Garcia argues that "McCauley and Escalante's interrogation of Plaintiff, presence, and participation in his arrest is [sic] enough to constitute [] an 'affirmative link[,]'" thereby providing sufficient allegations to defeat the motion to dismiss. [Id., at 4.]

Garcia's argument is akin to the contention that based on supervisory position alone, McCauley and Escalante should be held liable for alleged actions taken by Defendant R. Garcia. That argument, however, was refuted Iqbal, when the Supreme Court stated that a government official "is only liable for his or her own misconduct."  Iqbal, 556 U.S. at 677.  Indeed, it is well

established that supervisory status alone does not create § 1983 liability.  This was made clear in Iqbal, where the Court noted that supervisors are only liable for their own acts and may not be named as defendants simply because they are in the chain of command.  *See* id. at 677.  Moreover, "knowledge and acquiescence" in subordinates' wrongful conduct is not enough to support supervisor liability.  Id. at 677.

Stated differently, to hold a supervisor liable, "there must be an affirmative link between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise."  Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation, alterations, and quotation omitted)).  *See* Holland ex rel.Overdorff v. Harrington, 268 F.3d 1179, 1187 (10th Cir. 2001) (A supervisor is liable under § 1983 if the plaintiff can establish that "an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.") (citations omitted), *cert. denied*, 535 U.S. 1056 (2002).  *See also* Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1976); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996) ("Personal participation is an essential allegation in a § 1983 claim.") (internal quotations and citations omitted); Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")

Garcia's complaint provides non-specific allegations that McCauley and Escalante supervised and approved "the actions" of Defendant Garcia. [Doc. 1, complaint, at ¶ 2.] For example, he does not allege in the complaint that either McCauley or Escalante was present at the time of Garcia's alleged illegal arrest or illegal search and seizure.  Even if McCauley or Escalante subsequently questioned Garcia or compared his prescription bottle to a manual of controlled substances, Garcia did not allege any fact that would make those acts violations of the constitution.

During Defendant Garcia's contact with Plaintiff Garcia, Plaintiff did not allege that McCauley or Escalante took deliberate or intentional acts that violated Garcia's constitutional rights, or that they committed any type of malfeasance by virtue of their own actions or supervisory status. Further, Garcia does not allege that they had a discriminatory purpose. *See* Iqbal, 556 U.S. at 677. These allegations do not demonstrate direct or personal participation by McCauley and Escalante but, rather, assert that McCauley and Escalante were supervisors of Defendant Garcia. Such allegations are insufficient as they do not provide an affirmative link between specific actions taken by McCauley and Escalante and the alleged violations, and therefore, fail to state a § 1983 claim. *See* Dodds v. Richardson, 614 F.3d 1185, 1200–02, 1211 (10th Cir. 2010) ("At the most basic level of formulation, our law requires an 'affirmative link' between the constitutional violation and 'either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.'") (internal citations omitted).

In sum, Garcia's complaint as asserted against McCauley and Escalante does not contain "enough factual matter (taken as true) to suggest that [Garcia] is entitled to relief." Garcia failed to allege facts suggesting that either supervisor's "personal participation, [] exercise of control or direction, or [] failure to supervise" resulted in the constitutional violation." *See, e.g.,* Gallagher, 587 F.3d at 1069. In other words, Garcia did not make sufficient allegations against McCauley and Escalante to "nudge [his] claims across the line from conceivable to plausible" to survive Defendants' motion to dismiss. Further, Garcia's "formulaic recitation of the elements of the cause of action" does not "give the court reason to believe that [Garcia] has a reasonable likelihood of mustering factual support for these claims" against McCauley and Escalante.

**<u>Conclusion</u>**

For the reasons stated above, the Court grants the motion to dismiss by Defendants McCauley and Escalante.  Thus, Garcia's complaint against Defendants McCauley and Escalante will be dismissed.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss complaint as asserted against McCauley and Escalante [Doc. 5] is GRANTED, and the complaint against McCauley and Escalante is DISMISSED, without prejudice.

Garcia is afforded fourteen (14) days after entry of this Memorandum Opinion and Order to file an amended complaint, in accordance with pleading standards set out in <u>Twombly</u> and <u>Iqbal</u>, if he chooses to pursue claims against McCauley and Escalante.


*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge