IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID GARCIA,

           Plaintiff,

vs.                                                    CIVIL NO.  12-265 LFG/KBM

FNU ESCALANTE, Bernalillo
County Sergeant; and R. GARCIA,
Bernalillo County Sheriff's Officer,

           Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [Doc. 38].  The Court considered the motion, Response [Doc. 41], and Reply [Doc. 45].  Oral argument is not necessary.  For the reasons stated herein, the motion is denied without prejudice.

### Background

Plaintiff David Garcia ("Garcia") was entering the Bernalillo County District Court and passed through the court's security checkpoint.  Pursuant to the court's local rules, any person seeking entry to the Bernalillo County Courthouse must proceed through a security checkpoint that consists of the use of Magnetometers, hand-held wands, and inspection of briefcases, purses, bags, etc. During this inspection, the court security officers detected metal pill vials clipped onto Garcia's backpack.

When the security officer opened the vials, he found controlled substances.  The controlled substances were not in a prescription bottle.  Garcia contended that he had a valid prescription, but not on his person.  He was arrested for possession of controlled substances, processed into custody

and detained for approximately 48 hours before he was released. Charges against Garcia were ultimately dropped.

He brings civil rights and tort claims against Bernalillo County Sergeant Escalante and Sheriff's Deputy R. Garcia.

## Summary Judgment Standards

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a mater of law. Fed. R. Civ. P. 56; Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995). The party moving for summary judgment must shoulder the initial burden of establishing the absence of a question of fact. Adickes, 398 U.S. at 144. That burden is carried when the moving party demonstrates that the undisputed facts entitle the moving party to judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). That initial burden can be shouldered only when the moving party demonstrates by way of admissible evidence in the form of depositions, answers to interrogatories, admissions, affidavits or documentary evidence, that there is an absence of evidence to support the opposing party's case and the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 325.

A party moving for summary judgment and the party opposing summary judgment must do more than simply rely on the pleadings, mere argument or contention of counsel. Federal law provides that the parties must come forward with specific facts, supported by admissible evidence which demonstrates the presence of a genuine issue for trial. Id. at 325. Parties may not rest upon mere allegations or denials contained in the pleadings. Fed. R. Civ. P. 56.

## **Analysis**

The Motion for Summary Judgment is deficient in that it relies entirely on the pleadings [Doc. 38, at 2, ¶ 1-5], and argument and contention of counsel. It is not accompanied by any affidavit, document, answer to interrogatory or deposition testimony. Thus, it fails to comply with the basic requirements of Rule 56.

The Court is compelled to deny the motion, but the denial is without prejudice. Defendants may re-file a corrected motion within the current February 11, 2013 motion filing deadline.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge