IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID GARCIA,

    Plaintiff,

v.                                                    CIV 12-0265 LFG/KBM

BERNALILLO COUNTY SERGEANT ESCALANTE;
BERNALILLO COUNTY SHERIFF'S OFFICER,
R. GARCIA,

    Defendants.

## ORDER ON PLAINTIFF'S MOTION TO COMPEL *(Doc. 50)*

    THIS MATTER is before the Court on Plaintiff's' Motion to Compel Deposition of Party, Responses to Requests for Production, and Attorney Fees *(Doc. 50)*. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. I find the motion well taken in part, but only as to the provision of an original, properly notarized verification for the responses.

    Discovery in this case has been stayed pending a ruling on Defendants' Motion for Summary Judgment on the basis of qualified immunity. *See Doc. 44.*(staying discovery on December 20, 2012). Although Presiding Judge Garcia felt compelled to deny the motion on January 14, 2013 because it failed to comply with the dictates of Fed. R. Civ. P. 56, he specifically provided that "Defendants may re-file a corrected motion within the current February 11, 2013 motion filing deadline." *See Doc. 47* at 2. Defendants' Amended Motion for Summary Judgment was filed within a week of that Order. *See Doc.49*. I therefore reject Plaintiff's position that Judge Garcia's Order

effectively lifted the discovery stay.

Counsel for Plaintiff has submitted a Rule 56(d) Affidavit *(Doc. 50-8)* in support of a request for limited discovery in the form of deposing Defendant Garcia andin support of requiring him to "produce an Original Verification Page to Discovery Response to Plaintiff's First Interrogatories and Requests for Production for Defendant Escalante." *See Doc.50* at 3-4. I find that Defendant should be required to produce an original verification for his response which complies with proper notarization for such document. *See Doc.52* at 5. However the other requests are without merit.

As to the information Plaintiff seeks from deposing Defendant Garcia, it is irrelevant to the qualified immunity analysis because it focuses on a *subjective* inquiry into his intent and personal knowledge rather than the *objective* reasonableness of his role in the arrest of Plaintiff. As to alleged facts surrounding the incident, Plaintiff fails to explain why he is unable to present those facts necessary to rebut the motion for summary judgment through other means including affidavit testimony of other witnesses to the encounter such as himself and his mother. *See . Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010).

Defendants persuasively argue that Plaintiff fails to meet his burden under Fed. R. Civ. P. 56(d):

> In order to defeat the Defendants' Motion for Summary Judgment, the Plaintiff must establish that his arrest constituted a violation of his rights and that this right was clearly established at the time of this arrest. These are legal determinations that must be made by the Court and require no additional discovery. Thus, the Plaintiff's failure demonstrate precisely how additional discovery will lead to a genuine issue of material fact requires the denial of this Motion. Moreover, the Plaintiff previously responded to the Defendants' Motion for Summary Judgment without requesting relief under Fed. R. Civ. P. 56(d). *See* Document No. 41. Therefore, the Plaintiff's request for

2

additional discovery appears somewhat disingenuous.

*See Doc.* at 6.  Therefore, I will deny the motion.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Deposition of Party, Responses to Requests for Production, and Attorney Fees *(Doc. 50)* is **granted in part as described above.  In all other respects, it is denied.**.

                              _____
                              UNITED STATES CHIEF MAGISTRATE JUDGE