IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID GARCIA,

        Plaintiff,

vs.                                        CIVIL NO. 12-265 LFG/KBM

BERNALILLO COUNTY SERGEANT
ESCALANTE and BERNALILLO
COUNTY SHERIFF'S OFFICER R. GARCIA,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION
## TO ALTER OR AMEND A JUDGMENT

THIS MATTER is before the Court on Plaintiff David Garcia's ("Garcia") "Motion to Alter or Amend a Judgment" [Doc. 66]. On May 5, 2013, Defendants filed a response [Doc. 68] and Garcia filed a Reply [Doc. 70]. Garcia also filed a Notice of Completion of Briefing [Doc. 71]. There is no need for oral argument.

On April 1, 2013, the Court issued its ruling granting summary judgment [Doc. 63] and entered a Judgment [Doc. 64] in favor of Defendants. On April 25, 2013, Garcia filed the present motion to alter or amend. As Garcia's motion was filed within 28 days following entry of judgment, it is timely.

Garcia contends that summary judgment in favor of Defendants was improper, as there were genuine issues of material fact which precluded summary judgment and warranted a trial. In support of his motion, he now appends affidavits and documents previously not submitted at the summary judgment stage.

**Analysis**

"The purpose [of a Rule 59(e)] motion is to correct manifest errors of law or to present newly discovered evidence." Webber v. Mefford, 43 F.3d 1340, 1345 (10th Cir. 1994) (citation omitted) (quotations omitted). Appropriate grounds for a Rule 59(e) motion include "1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Somerlott v. Cherokee Nation Distrib., Inc., 686 F.3d 1144, 1153 (10th Cir. 2012) (quotations and citation omitted). Thus, to support a Rule 59(e) motion with additional evidence, such as affidavits and documents, the moving party must show "(1) that the evidence is newly discovered, or (2) if the evidence was available at the time summary judgment was granted, that counsel made a diligent yet unsuccessful attempt to discover the evidence." Webber, 43 F.3d at 1345.

Rule 59(e) may not be used to re-litigate old matters, raise argument or present evidence that could have been raised prior to judgment. Steele v. Young, 11 F.3d 1518, 1520 n. 1 (10th Cir. 1993). *See also* David Otero v. Nat'l Distrib. Co., Inc., 627 F. Supp. 2d 1232, 1237 (D.N.M. 2009) ("Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' ") (citations omitted). Garcia's motion seeks to do exactly this – present evidence that could have been raised prior to judgment.

Defendants moved for summary judgment and properly appended competent, admissible evidence in support of their motion. The motion was fully briefed. Once a moving party makes a *prima facie* showing of entitlement to judgment, as was done here, the burden shifts to the opposing party to come forward with legally admissible evidence demonstrating the existence of a triable issue. *See* Celotex v. Catrett, 477 U.S. 317 (1986) (a party opposing summary judgment may not

rest upon mere allegations, argument or contention as did Garcia). In this case, Garcia failed to properly respond to the motion for summary judgment by submitting legally admissible evidence demonstrating the existence of a triable issue.

In his present motion, he now appends an Affidavit of Cecilia T. Garcia. [Doc. 66, Ex. C]. However, nothing in the affidavit demonstrates Ms. Garcia is presenting new evidence, or evidence not earlier available to Garcia. As such, it is barred by law. Devon Energy Prod. Co., LP v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1213 (10th Cir. 2012) (movant must show either that the evidence he attaches "is newly discovered [or] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence").

With respect to other attachments to the present motion, Garcia, again, seeks to rely on inadmissible hearsay. *See, e.g.,* Doc. 66, Exhibit A (personal prescription information sheet purportedly from Walgreens Pharmacy); and Exhibit B (document purportedly from Presbyterian Medical Group); Exhibit D (a letter from Walgreens); and Exhibit E (unsigned and unverified portion of provider's note). While some of these exhibits might properly have come in as exceptions to the hearsay rule, *see* Fed. R. Evid. 803(6), there is nothing to properly authenticate the documents as required by the Fed. R. Evid. 901. "It is well established . . . that a party cannot rely on unauthenticated documents to avoid summary judgment." IBP, Inc. v. Mercantile Bank of Topeka, 6 F. Supp. 2d 1258, 1263 (D. Kan. 1998) (citation omitted). Indeed, when ruling on a motion for summary judgment, a court may consider only admissible evidence. *See* Johnson v. Weld Cnty., Colo., 594 F.3d 1202, 1209–10 (10th Cir. 2010). *See* Fed. R. Civ. P. 56(c)(2) (party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence).

Garcia argues in his Reply that a party "should not be required to pay a physician to execute an additional cumulative affidavit, in addition to securing that Doctor's live testimony in preparation for trial . . . ." [Doc. 70, at 3]. Garcia insists that all he needs to do is submit argument or inadmissible evidence at the summary judge stage and, then, at trial, submit admissible evidence by way of live testimony. Garcia is mistaken. It was incumbent on him to submit legally admissible evidence at the summary judgment stage to raise an issue of fact. *See* Celotex, 477 U.S. at 317. Whether the admissible evidence comes from an affidavit, answer to an interrogatory, deposition testimony, or an admission is not particularly important, but it must be submitted.

Through his present motion, Garcia improperly seeks another "bite at the apple" by attaching information that should have been submitted in response to Defendants' earlier motion for summary judgment. Garcia fails to demonstrate any intervening change in the law; fails to show that the new "evidence" was not available earlier when he responded to the motion for summary judgment; and fails to show the need to correct legal error or avoid manifest injustice. In addition, Garcia presented no evidence that counsel made a diligent yet unsuccessful attempt to discover the evidence that supposedly is new. Moreover, most of the attached materials are unauthenticated and inadmissible, thereby precluding Garcia's reliance on the documents in opposition to summary judgment.

## Conclusion

Because there is no need to correct manifest errors of law and because Garcia failed to present new evidence that was not earlier available, the Court, in an exercise of its discretion, denies Garcia's Rule 59(e) Motion to Alter or Amend a Judgment.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge