IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID GARCIA,

    Plaintiff,

v.                                                                                          CIV 12-0265 MV/KBM

BERNALILLO COUNTY
SERGEANT ESCALANTE; BERNALILLO
SHERIFF'S OFFICER, R. GARCIA,

    Defendant.

## ORDER DENYING MOTION TO RE-OPEN DISCOVERY

**THIS MATTER** comes before the Court on Plaintiff's Motion to Re-Open Discovery (*Doc. 84*), filed April 11, 2014. Having reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities, the Court finds that the motion is not well-taken and will be denied at this time.

Defendants filed their first Motion for Summary Judgment on the basis of Qualified Immunity (*Doc. 38*) on December 4, 2012, as well as a Motion to Stay Discovery (*Doc. 39*) on December 5, 2012. On December 20, 2012, this Court granted Defendants' Motion to Stay pending resolution of the qualified immunity issue by the Honorable Lorenzo F. Garcia. *Doc. 44*. Judge Garcia ultimately resolved the qualified immunity issue in favor of Defendants, and Plaintiff appealed. *Docs. 63, 73*.

On March 19, 2014, the Tenth Circuit Court of Appeals issued a mandate in this case, reversing Judge Garcia's decision that Defendants were entitled to

qualified immunity on Plaintiff's Fourth Amendment claims.  *Doc. 78,* Ex. A.  In so doing, the Tenth Circuit held that there was "a genuine dispute of material fact regarding whether Defendants had probable cause to arrest and charge Plaintiff." *Id.* at 2.  However, the court left open the question of whether the applicable law was clearly established at the time of Plaintiff's arrest and prosecution.  *Id.* at 7 ("We leave that question for the district court in the first instance.").

Following the mandate, on April 11, 2014, Plaintiff filed his Motion to Re-Open Discovery, asking the Court to permit the deposition of the arresting officer, Defendant R. Garcia.  *Doc. 84.*  Additionally, Plaintiff requested an order compelling Defendants to produce the original, signed verification for Defendant Escalante's discovery responses.  *Id.* at 12.  Six days later, Defendants filed a Renewed Motion for Summary Judgment and Qualified Immunity, arguing that the law regarding the vitiation of probable cause by providing a fourteen-month old prescription was not clearly established and that Defendants are therefore entitled to qualified immunity.  *Doc. 86.*  Defendants also responded to Plaintiff's Motion to Re-Open Discovery, arguing that because Defendants' qualified immunity motion "*presumes* that the most recent prescription for hydrocodone that Plaintiff had been given, which dated fourteen months earlier than the arrest, was tendered to the officers at the time," the information Plaintiff seeks to elicit through the deposition of Defendant R. Garcia is irrelevant to the qualified immunity issue.  *Doc. 87* at 2.

Predictably, Plaintiff responded to Defendants' Renewed Motion for Summary Judgment with a Motion to Defer Ruling under Federal Rule of Civil

2

Procedure 56(d), reasserting that he requires the deposition of Defendant R. Garcia before responding to Defendants' qualified immunity assertion. *Doc. 90*. In effect, there are now two parallel sets of briefs in which Defendants seek a qualified immunity determination and a continued stay of discovery, and Plaintiff seeks limited discovery, particularly the deposition of Defendant R. Garcia, before responding to Defendants' Renewed Motion for Summary Judgment.

The presiding judge, The Honorable Martha Vazquez, is tasked with determining whether Defendants are entitled to qualified immunity under the clearly established prong of the inquiry. Unless Judge Vazquez determines that the discovery sought by Plaintiff, the particulars of which are detailed in both his Motion to Re-Open discovery and his Rule 56(d) response, is necessary for a determination of the qualified immunity issue, this Court finds no independent reason to reopen discovery prior to resolution of the pending qualified immunity issue. Although Plaintiff posits that Defendants' Renewed Motion for Summary Judgment is "another unethical attempt to further stall litigation and deny Plaintiff his 'day in Court,'" (*Doc. 84* at 2), the Court disagrees and notes that the Tenth Circuit expressly invited resolution of this remaining qualified immunity issue by the district court on remand. *See Doc. 78*, Ex. A, at 7.

As previously noted by this Court, "[q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation" and "the protection it provides – including freedom from the burdens of the discovery process such as depositions – remain throughout the litigation process." *Doc. 44* at 1-2. Here, the qualified immunity determination has not yet

3

been fully resolved and the relevance of the discovery sought by Plaintiff to the qualified immunity inquiry is more appropriately determined in context of Defendants' Renewed Motion for Summary Judgment.  As a result, the Court will deny at this time Plaintiff's Motion to Reopen Discovery to the extent Plaintiff seeks to depose Defendant R. Garcia.

As to Plaintiff's request that Defendants be compelled to produce Defendant Escalante's original, signed verification for previously-served discovery responses, it appears that this issue has been resolved.  Defendants submitted a Notice of Compliance on February 21, 2013, indicating that they had "hand-delivered an original Verification for Defendant Escalante to counsel for the Plaintiff."  *See Doc. 56*.  In correspondence attached thereto, defense counsel explained that Defendant Escalante had been unable to locate the original verification page, which she signed in December at the time her answers and responses to discovery were provided, and that she had therefore re-executed a verification on February 14, 2013.  *Doc. 56*, Ex. A.  In email correspondence dated February 25, 2013, Plaintiff stated, "To verify, I am now in receipt of the verification you re-executed Feb. 14, 2013." *Doc. 87*, Exhibit A.

Plaintiff indicates that he is "still requesting the original document . . . but will forego such, upon simple statement from Defendants that such is either lost or destroyed."  *Doc. 88* at 6.  Having reviewed Defendants' February 21, 2013 Notice of Compliance and the accompanying correspondence in which defense counsel explained that the original verification could not be located, the Court finds that Defendants have satisfied their obligations in this respect and that

4

Plaintiff's request is now moot. As such, Plaintiff's motion will be denied on this basis as well.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Re-Open Discovery is denied at this time.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE