IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID GARCIA,

    Plaintiff,

v.                                            CIV No. 12-0265 MV/KBM

BERNALILLO COUNTY LIEUTENANT
McCAULEY, BERNLILLO COUNTY
SERGEANT ESCALANTE,
BERNALILLO COUNTY SHERIFF'S OFFICER
R. GARCIA,

    Defendants.

# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Defendants' Motion for Sanctions for Willfully Failing to Comply with His Disclosure Obligations (*Doc. 92*), filed May 9, 2014.  The motion was referred to me by The Honorable Martha Vazquez to conduct hearings, if warranted, and to perform any legal analysis required to recommend an ultimate disposition of the motion.  *Doc. 100*.  I heard oral argument on the motion at a hearing on November 20, 2014, and ordered simultaneous briefing by the parties regarding the proper interpretation of this District's Local Rule 26.3(d) which was submitted by Counsel on December 1, 2014.  *Docs. 112, 113*.  For the reasons stated herein, I recommend that Defendants' Motion for Sanctions be granted in part.

Defendants Bernalillo County Sergeant Escalante and Bernalillo County Sheriff's Officer Garcia ("Defendants") contend that Plaintiff David Garcia ("Plaintiff") and/or his counsel should be sanctioned for willfully failing to identify all of his health care providers in initial disclosures to Defendants and for failing to produce releases for health care entities or providers. According to Defendants, Plaintiff and his counsel have not, to this day, provided initial disclosures pursuant to Local Rule 26.3(d).

Plaintiff's counsel admitted at the November 20, 2014 hearing that he could produce neither a copy of initial disclosures produced to Defendants nor a certificate of service regarding disclosures, though he suggested that, at minimum, he provided the requisite information in responses to discovery requests and at Plaintiff's deposition. Defendants did submit a written interrogatory to Plaintiff, Interrogatory 19, which sought information similar to that required by Local Rule 26.3(d). Interrogatory 19 asked Plaintiff to list "every healthcare provider you have had for the past five years." *Doc. 92*, Ex. B. Notably, the language of this interrogatory did not limit the inquiry to the providers on whom Plaintiff might rely to support his claims or defenses. In response, Plaintiff made various objections, including "relevancy, privacy, burden, redundancy, and expense," but nonetheless responded "Edward James Brown." No other treating physicians were identified in that response. *See id.*

In addition to Plaintiff's failure to provide a complete list of medical providers or releases for the relevant time period, Defendants take issue with Plaintiff's reliance on an undisclosed medical record from an undisclosed health

2

care provider, dated February 20, 2009, attached with redactions as Exhibit E to his Response to Defendants' Renewed Motion for Summary Judgment. Defendants maintain that neither the record nor its source was disclosed to them prior to its submission to the Court by Plaintiff. *Doc. 92* at 3. Plaintiff failed to establish, either at the hearing or in subsequent briefing, that the record and/or its source was in fact disclosed to Defendant prior to his reliance on the document in briefing to the Court.

Upon being alerted by Defense counsel that the February 20, 2009 record had not been previously disclosed, Plaintiff's counsel responded, via e-mail correspondence, as follows:

> Document No. 90-6 isn't an emergency room record, but a "physical examination" record. It mentions [Plaintiff's] emergency room visit from February 6. The record itself is dated February 20, 2009. It has been filed in other places on the docket before, this isn't the first time. **We do not intend to use any emergency room records in support of our claims, and they aren't relevant to this proceeding, so did not identify such in our initial disclosures**.

*Doc. 92*, Ex. A (emphasis added). Plaintiff's counsel maintained this position at the November 20, 2014 hearing and in his supplemental brief, arguing that Local Rule 26.3(d) only required his client to disclose documents in his possession that he intended to use in support of his claims or defenses, or to provide releases allowing Defendant to obtain the same. *See e.g.*, *Doc. 112* at 2. He explained his interpretation of Rule 26.3(d) as follows: "the text suggests that a Plaintiff is not required to disclose a document he does not have in his possession, prior to conducting discovery, or a document his attorney may review during his initial

3

case evaluation, but which he does not intend to use in support of his claims." *Id.* at 3.

At the hearing, Plaintiff's counsel, apparently for the first time, identified the author of the February 20, 2009 medical record as Dr. Anne C. Jones, one of Plaintiff's treating physicians. Plaintiff's counsel provided an unredacted and complete copy of the subject medical record at the hearing, which was marked as the Court's Exhibit 2 and subsequently filed on the docket. *Doc.* 111. Notably, the Court's Exhibit 2 is a four-page medical record from Dr. Jones that includes prescription information for hydrocodone which lies at the heart of this case. In contrast, the exhibit previously submitted to the Court as Exhibit E to Plaintiff's Response to Defendants' Renewed Motion for Summary Judgment was a one-page excerpt of this medical record with no identification of the provider and significant redactions by Plaintiff's counsel of references to Plaintiff's substance abuse. Both the excerpted nature of Exhibit E and counsel's redactions of seemingly relevant and prejudicial information in the document cause this Court concern, especially in light of Plaintiff's failure to previously disclose this document to opposing counsel.[1]

It is unclear at what point Plaintiff actually disclosed Dr. Jones as a physician who treated Plaintiff in the five years preceding the incident in question. She was not, for instance, listed in Plaintiff's Response to Interrogatory 19. Nevertheless, the Court notes that Plaintiff did list Dr. Jones in response to a

---

[1] Plaintiff's counsel is cautioned that in the future, he should not make unilateral redactions of substantive and relevant information in records submitted to the Court or opposing counsel if faced with privacy concerns of his client. Instead, he should consider requesting that the documents be filed under seal or accessible only by "case participants."

4

different interrogatory, Interrogatory 11, which asked Plaintiff to list the names and addresses of any physicians from whom he received medical care for injuries received as a result of the acts alleged in his Complaint. See Doc. 99, Ex. C. It is unclear why Defendant omitted Dr. Jones from Interrogatory 19 but included her in response to Interrogatory 11.

Plaintiff's counsel acknowledged in later briefing that in response to Interrogatory 19, he also deliberately chose *not* to disclose a different treating physician, Dr. Ellison. He made that conscious decision on the basis of his assessment of privacy concerns and perceived relevancy objections since Dr. Ellison "was the primary treating physician when David Garcia was kicked in the head and knocked unconscious by APD officers." *Doc. 99* at 4.

Plaintiff's failure to disclose Dr. Ellison and Dr. Jones in response to Interrogatory 19 or in required initial disclosures is troublesome. When a party places his physical and mental condition at issue by filing suit, his relevancy and privacy concerns in disclosing health care providers are essentially trumped by the opposing party's need for discovery. This Court has previously reasoned that plaintiffs render their medical records relevant by seeking damages for "alleged serious injuries to their psyches." *Drain v. Wells Fargo Bank*, 04cv0399 BB/KBM, at 2 (D.N.M. Mar. 2, 2005). When a plaintiff places such matters at issue, "[d]efendants are entitled as a matter of fairness to discovery on those issues, and that discovery is secured by D.N.M.LR-Civ. 26.3." *Id.*

Plaintiff here seeks damages for emotional distress, *see Doc. 16* at ¶ 34, thereby putting his mental condition at issue. Additionally, Plaintiff's factual

5

allegations relate to his possession of hydrocodone, for which he contends he had a valid prescription for the treatment of certain medical conditions. Thus, Plaintiff's physical condition and medical treatment are also at issue in this case. Plaintiff does not deny that he placed his physical and mental conditions at issue by filing this lawsuit or that Rule 26.3(d) is applicable. Rather, he maintains that he was only required by that Rule to disclose documents in his possession that he intended to use in support of his claims or defenses.

Plaintiff provides no authority, other than the Rule itself, in support of such an interpretation of Rule 26.3(d). A literal reading of Rule 26.3(d), without consideration of the purposes of discovery or this District's application of the Rule, gives some appeal to Plaintiff's interpretation. Rule 26.3(d), which supplements the initial disclosure requirements of Fed. R. Civ. P. 26(a), provides as follows:

> (d) Required Initial Disclosure. In all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce the following information *that the disclosing party may use to support its claims or defenses, unless solely for impeachment*:
> (1) a list of the name, address, and telephone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings and continuing through the current date;
> (2) all records of such healthcare providers which are already in that party's possession, which will be made available for inspection and copying by all other parties to the action;
> (3) for each healthcare provider, a signed authorization to release medical records form, as set forth in Appendix "A." Within fourteen (14) days after receiving medical records by use of these authorization forms, a party must make the records available for inspection and copying by all other parties to the action.

6

D.N.M.LR-Civ. 26.3(d) (emphasis added).

Indeed, on its face, Rule 26.3(d) seems to require that a party in Plaintiff's position make a good faith effort to produce the enumerated information only if the party intends to use it to support their claims or defenses. *See* D.N.M.LR-Civ 26.3(d). The language emphasized above was added to Local Rule 26.3(d) as an amendment that became effective July 1, 2002. Formerly, the Rule required disclosure of the same information, for ten years preceding the relevant occurrence rather than five, without reference to whether the information would be used to support the party's claims or defenses. D.N.M. LR-Civ. 26.3(d) (January 25, 1999).

The 2002 amendment of Local Rule 26.3(d) parallels an earlier amendment in 2000 to Rule 26(a) of the Federal Rules of Civil Procedure, which narrowed the initial disclosures required for witnesses and documents to those that the disclosing party "may use to support its claims or defenses." *See* Fed. R. Civ. P. 26(a), Advisory Committee Notes on 2000 Amendments. The Advisory Committee noted that, with the amendment to Fed. R. Civ. P. 26(a), "the disclosure obligation [was now] limited to material that the party may use" and was "no longer tied to particularized allegations in the pleadings." *See id.*

The addition of the "may use to support its claims or defenses" language to Local Rule 26.3(d), though derived from amendments to Fed. R. Civ. P. 26(a), is somewhat confusing and unfortunate. Unlike Fed. R. Civ. P. 26(a), Local Rule 26.3(d) remains tied to the allegations of the parties, operating only when a party places his physical or mental medical condition at issue. *See* D.N.M.LR-Civ

7

26.3(d). In practice, however, this District has basically read out the "may use to support its claims or defenses" portion of the rule, requiring the disclosure of the enumerated documents and information regardless of whether the disclosing party may, in his own estimation, use the information to support his claims and defenses. *See, e.g., Madrid v. Don Kelly Constr., Inc.*, No. 12cv0451 JB/GBW, 2013 WL 1897826, *5 (D.N.M. Apr. 24, 2013) (describing the obligations under Rule 26.3(d) in mandatory terms and requiring the plaintiff to sign an affidavit under oath indicating that he had not been to a physician in more than five years). Plaintiff has not cited, and the Court has not discovered in its own research, any case in which a party was allowed discretion in providing initial disclosures under Rule 26.3(d) based upon whether he or she intended to use the information or documents to support a claim or defense.

Indeed, disregarding the "may use to support its claims or defenses" language of Rule 26.3(d) is the only way to reconcile it with the objectives of initial disclosures. To allow parties to pick and choose the health care providers that they wish to disclose, depending only on whether they might use them to support their claims, would undermine the strong policy of the federal discovery rules favoring full disclosure of allegations and evidence. Parties are entitled, at the outset of litigation, to learn the history of medical treatment of any opposing party who has put their mental and physical conditions at issue, in order to evaluate the claims against them. For one thing, counsel cannot adequately depose these opposing parties without access to complete medical provider information in advance. Simply put, a party may not assert claims against a

8

defendant and at the same time deny them the opportunity to ascertain their legitimacy. *See Fischer v. Dunning*, 574 Fed. Appx. 828, 831 (10th Cir. 2014) (affirming the district court's dismissal of a case for the plaintiff's failure to comply with the court's order to make initial disclosures, explaining that without access to a plaintiff's medical records, the defendants were "not able to meaningfully defend themselves against [the plaintiff's] claims").

Significantly, Plaintiff's counsel failed to comply with even his ***own*** interpretation of Rule 26.3(d) when Plaintiff relied upon the undisclosed medical record from the undisclosed medical provider to support his claims in response to the renewed summary judgment motion. That ***use*** of undisclosed medical records is a clear violation of both Local Rule 26.3(d) as well as Fed. R. Civ. P. 26(a).

Plaintiff also notes in his supplemental briefing that as an alternative to disclosing medical records, a party may sign a release allowing opposing counsel to obtain records, which he insists he did in this case. More particularly, Plaintiff contends that he satisfied his initial disclosure obligations in this manner by providing a HIPAA-complaint release on October 16, 2012, "for his treating physician Dr. Brown, as well as for the organization of Presbyterian Health Systems – Kaseman Hospital (Doc. 110)." *Doc. 112* at 3. Plaintiff submits that this October 16, 2012 release "authorized Defendants' attorney to receive all medical records from the entire [Presbyterian] organization from March 2007 to present." *Id*. Particularly, he maintains that "[t]his blanket release would

9

presumably have allowed Defendants' attorney to receive records from treating physician Dr. Anne C. Jones, also at Kaseman." *Id.*

The Court rejects this argument. Plaintiff presented the subject October 16, 2012 release at the hearing, which was marked as the Court's Exhibit 1 and subsequently filed on the docket. *Doc. 110.* The release is addressed to "Edward James Brown, Presbyterian Health Systems – Kaseman Hospital, 5300 Constitution Ave, Building 'D,' Albuquerque, NM 87110." *Id.* Having reviewed the release, the Court is not persuaded that by simply including "Presbyterian Health Systems – Kaseman Hospital" as a component of Dr. Brown's mailing address, Plaintiff thereby provided a release for the entire Presbyterian Health Systems organization, including other treating physicians within Presbyterian. Simply put, an executed release to Dr. Brown at Kaseman does not satisfy Plaintiff's initial disclosure obligation to disclose Dr. Jones, who also happens to work at Kaseman.

Moreover, Defense counsel steadfastly maintains that she never received the February 20, 2009 medical record in question. She noted at the hearing that Defendants provided Plaintiff with Bates-labeled copies of all documents that they received pursuant to medical releases executed by Plaintiff. Thus, if Defendants had previously received this medical record in response to the release addressed to Dr. Brown, as Plaintiff presumes, Plaintiff's counsel should have been able to identify the record from within these Bates-labeled copies. That he has not done so undermines his contention that the release for Dr.

10

Brown somehow satisfied his obligation to disclose the Dr. Jones and her February 20, 2009 medical record.

Finally, Plaintiff insists that Defendants' Motion for Sanctions is premature and unwarranted in the absence of a timely motion to compel. While a party is usually obligated to confer in good faith and bring a timely motion to compel when a party fails to comply with discovery requests, Fed. R. Civ. P. 37(a)(3)(B), the discovery issue here is a different breed. Defendants do not ask the Court to compel discovery responses or initial disclosures. In fact, Defendants need not compel the February 20, 2009 medical record at issue, as they received this record when they were served with Plaintiff's Response to their Renewed Motion for Summary Judgment. Instead, Defendants seek sanctions for Plaintiff's failure to comply with the mandatory initial disclosure requirements under the Federal Rules of Civil Procedure and this District's Local Rules. Plaintiff was already obligated to provide these disclosures, and an order compelling what Rule 26.3(d) and Fed. R. Civ. P. 26(a) already compel would arguably be somewhat redundant.

Additionally, how could Defendants move to compel the disclosure of a treating physician or record that they do not know to exist? Although a motion to compel is generally necessary before discovery sanctions are sought or awarded, under the circumstances here, the Court will entertain Defendants' motion for sanctions even without an underlying motion to compel.

Under Fed. R. Civ. P. 37(c)(1), a court must, before imposing sanctions for failure to make disclosures, consider whether the nondisclosure was substantially

11

justified or harmless. Fed. R. Civ. P. 37(c)(1). Here, the Court finds that Plaintiff failed to make proper disclosures of information required by Fed. R. Civ. P. 26(a) and D.N.M.LR 26.3(d) and that no substantial justification has been established for this conduct. Further, the Court finds that Plaintiff's conduct has not been harmless, as it has left Defendants without the information necessary to properly evaluate and defend Plaintiff's claims.

Pursuant to Rule 37(c)(1), when a party fails to disclose information required by Fed. R. Civ. P. 26(a), the court may bar that party from using the information or witness on motions or at hearings or trial. Fed. R. Civ. P. 37(c)(1). Alternatively or additionally, the court may order payment attorney's fees caused by the failure, inform the jury of the party's failure, or impose other sanctions, including dismissal. *Id.*

The *Ehrenhaus* factors[2] counsel in favor of the imposition of some sanctions, as the prejudice to Defendants and interference with the judicial process by Plaintiff's nondisclosure is substantial, and Plaintiff's counsel's omission of treating physicians and medical records from initial disclosures and discovery responses was willful. On the other hand, while Plaintiff's counsel's nondisclosure of critical health care provider information is certainly troubling, it is mitigated to some extent by the language added by the 2002 amendment to Local Rule 26.3(d) and by Plaintiff's response to Interrogatory 11 in which he

---

[2] Pursuant to *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992), a court imposing sanctions must consider "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 920-21.

listed Dr. Jones as a physician who treated him for injuries received as a result of acts alleged in the Complaint. Further, Defendants did not file a motion to compel initial disclosures, and this Court has not previously warned Plaintiff that dismissal of this action would likely be taken as a sanction for the failure to disclose *all* of his health care providers in the five years preceding the subject incident or for using previously undisclosed medical records to support his claims. Thus, although Defendants requested dismissal in their initial briefing on the motion for sanctions, the Court finds that dismissal would be too harsh of a sanction. Additionally, because the nondisclosure of this information appears to have been driven by decisions of counsel, rather than Plaintiff himself, the Court finds that the sanctions should be directed primarily at counsel. *See Hoffman v. United Parcel Serv., Inc.*, 206 F.R.D. 506, 507 (D. Kan. 2002) (citing *White v. General Motors Corp., Inc.*, 908 F.2d 675, 685-86 (10th Cir. 1990) and reasoning, in the context of a motion to compel, that "[t]o the extent possible, sanctions should be imposed only upon the person or entity responsible for the sanctioned conduct.").

Given these considerations, the Court hereby recommends the following sanctions:

1) Plaintiff be foreclosed from supporting his claims in motions, at hearings or at trial, with any medical record or document, including the February 20, 2009 medical record discussed herein, that has not been produced to Defendants during discovery;

13

2) Plaintiff's counsel pay to Defendants the fees and costs incurred in bringing the present Motion for Sanctions, with Defense counsel providing a statement documenting her fees and costs, including the billing rate charged. Payment should be remitted by Plaintiff's counsel within two weeks of receipt of this statement;

3) Plaintiff make himself available to be re-deposed, at the request of Defendants; and

4) Within ten (10) days, Plaintiff provide to Defendant: (i) a complete list of the name, address and telephone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated him within the five years preceding the subject occurrence and continuing through the current date; and (ii) a signed authorization to release medical records from for any healthcare provider that has treated him within the five years preceding the subject occurrence for which he has not yet executed a release.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE