IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID GARCIA,

    Plaintiff,

v.                                                   CIV 12-0265 MV/KBM

BERNALILLO COUNTY LIEUTENANT
McCAULEY; BERNALILLO COUNTY SERGEANT
ESCALANTE; BERNALILLO COUNTY
SHERIFF'S OFFICER, R. GARCIA,

    Defendants.

## ORDER DENYING DEFERRAL OF SANCTION PAYMENT

On April 17, 2015, the Honorable Martha Vázquez granted Defendants' Motion for Attorney's Fees *(Doc. 117)* to the extent that sanctions were awarded against Plaintiff's counsel in the amount of $1,672.59. *Doc. 127.* Eleven days later, Plaintiff filed a motion to defer payment of the sanctions that Judge Vázquez had imposed. *Doc. 128.* Although this matter is currently on interlocutory appeal to the Tenth Circuit with regards to the denial of qualified immunity, the parties apparently do not dispute that the district court retains jurisdiction over this collateral matter.

Essentially, Plaintiff asks that the Court stay execution of the judgment on sanctions that were ordered by Judge Vázquez until the final resolution of this case. Plaintiff maintains that "[b]ecause Plaintiff's counsel has never taken an attorney fee on this case, and because Plaintiff David Garcia is obligated to pay back the cost on his original filing fee of his civil rights case in the Second

Judicial District Court of Bernalillo County in 2012, deferring payment until a judgment is potentially obtained, is both just and equitable under the circumstances." *Doc. 128 at 2.* Alternatively, Plaintiff asks for deferment of payment until the conclusion of Defendants' interlocutory appeal. *Id.* at 3.

Defendants counter that counsel for Plaintiff's reliance on his client's *in forma pauperis* status on the interlocutory appeal is misplaced.

> The sanction is against [Plaintiff's counsel], for his conduct; the sanctions imposed have nothing whatsoever to do with his client's case, the merits thereof, or the likelihood or unlikelihood of Plaintiff's prevailing. The fact that Plaintiff's counsel thinks that there is some connection between the two only argues in favor of his immediate payment of the sanction this Court has imposed. . . . [R]eading between the lines, it appears his reasoning is that he has high hopes for his actually being awarded attorneys' fees at some point, and he would prefer to pay the sanctions out of that award. Defendants can only submit that this undermines the efficacy of the sanction, and only serves to evidence that payment should be required as soon as possible. . . . Whatever may occur in the course of this litigation on the merits, Plaintiff's counsel must abide by this Court's judgment that his conduct was sanctionable, and must suffer that consequence immediately, in order for the sanctions to have the desired effect, i.e., to prevent future such behavior.

*Doc. 132* at 2-3. Having reviewed the briefs in this matter, simply put, Plaintiff has failed to persuade the Court that good cause exists for deferring the payment of the sanction at this time.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Defer Payment on Sanctions *(Doc.128)* is **denied**. Plaintiff shall pay to Defendants the sanction in the amount awarded by Judge Vázquez no later than Monday, July 20, 2015.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE